**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.                                                              Criminal Case No: 1:07cr21

BERTHA HORTON,
                Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned United States Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Bertha Horton, appeared before me in person and by counsel, Brian J. Kornbrath, on April 19, 2007. The Government appeared by Zelda Wesley, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant as to her understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and

tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Ashley Stafford, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated October 4, 2006, and signed by her on October 10, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed

by Indictment, to which Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government as to the non-binding recommendations in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate, and agree that the total loss in this matter is $42,111.61.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and

3

is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw her plea of Guilty to the one-count Information.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged her understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for maximum of five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to three (3) years of supervised release; understood the Court

would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that she would be required to make restitution to the victim in this case in the amount of $6,089.22; understood that the Court may require her to pay the costs of her incarceration, the costs of community confinement and the costs of supervised release; understood that her actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appeal rights as contained in her written plea agreement and determined she understood those rights and voluntarily gave them up under the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging her with making a false claim to the United States, in violation of Title 18, United States Code, Section 287.

The Court then heard the testimony of Tammy Devericks as to the facts underlying the charges alleged in the one-count Information. Ms. Devericks testified she is a Special Agent with the IRS Criminal Investigations Unit, assigned to investigate fraudulent income taxes. In this case, S.A. Devericks discovered a scheme by at least nine individuals to file fraudulent income taxes. The scheme included at least 12 false income tax returns. In 2001 and 2001, there were three parties and in 2002, the remainder of the parties involved in filing false income tax returns.

5

The individuals filing the false returns inflated their wages and their withholdings, or the incomes were just entirely fictitious as the individuals were not employed at all. They also claimed Earned Income Credits for children they did not have.

The fraudulent income tax return that forms the basis of the Information in this matter was that of Eleanor Walker, one of other participants in the scheme. Ms. Walker was aided and abetted by Defendant in filing a false return. Defendant prepared the false 1040 form for Ms. Walker based upon false W-2's which were provided by other individuals. Defendant did know the W-2's were false. In Ms. Walker's case, the 1040 reported wages from an employer of $8,703.40, with $845.57 in withholdings. Walker also claimed a dependant child who was not actually her child or grandchild, but was instead the child of one of the other participants in the scheme. Together, these false facts created a $2428.00 Earned Income Credit and a total refund claimed of $3,274.00.

Defendant testified that she heard and understood S.A. Deverick's testimony and did not disagree with any of that testimony. Thereupon, Defendant, Bertha Horton, with the consent of her counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

Defendant then testified that she believed she was guilty of the offense charged in the one-count Information because she was involved with nine other individuals in the scheme. One of the other individuals would prepare false W-2's and Defendant would prepare false 1040's based on those W-2's. Defendant received money for preparing the false 1040 forms. She knew the W-2's were false, knew the information on them was false, and knew the individuals were not employed when she prepared their 1040's.

Based upon the testimony of S.A. Devericks, the undersigned United States Magistrate

Judge finds there is an independent basis in fact for Defendant's plea of Guilty to the one-count Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant knowingly and voluntarily waived her right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of S.A. Devericks and Defendant's own allocution.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above

will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is continued in State custody pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 20th day of April, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE